# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CASE NO. 2:13-CR-00246 |
| **VERSUS** | JUDGE JAMES D. CAIN, JR. |
| **SHANNON RAY SMITHERS (01)** | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a *pro se* Motion to Vacate, Set Aside, or Correct Sentence, filed by defendant Shannon Ray Smithers under 28 U.S.C. § 2255. Doc. 31. Smithers was convicted in this court of possession of child pornography, and sentenced on May 27, 2014, to a 120 month term of imprisonment with a lifetime term of supervised release. Docs. 23, 24, 30. He did not appeal his conviction or sentence.

Through the instant motion, filed on July 6, 2019, Smithers raises claims of ineffective assistance of counsel, excessive sentence, and being led into "an ambiguous plea agreement in which [he] did not receive full benefit." Doc. 31. He asserts that these claims rest on newly discovered evidence. *Id.*

Motions to vacate under § 2255 are subject to a one-year limitations period, running from the latest of four possible dates: (1) when the judgment of conviction became final; (2) when the impediment to making the motion was removed, if the government unlawfully prevented the defendant from filing his motion; (3) when the United States Supreme Court initially recognized the legal predicate for the motion and made it retroactively applicable to cases on collateral review; or (4) when the defendant, through due diligence, could have

discovered the factual predicate for the motion. 28 U.S.C. § 2255(f). The first and last dates are potentially relevant to Smithers's motion. Under the first, the motion is untimely because Smithers's conviction became final upon expiration of the fourteen-day period for filing a notice of appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); *see* Fed. R. App. P. 4(b). Under the fourth, the motion may be timely if Smithers can show that his claims rest upon evidence discovered within the past year and that he could not, in the exercise of due diligence, have made this discovery any sooner.

Smithers's cursory assertion of "newly discovered evidence" is insufficient to meet this standard. The court therefore ordered him to amend his motion in order to (1) detail the newly discovered evidence and (2) explain the merits of his claim. Doc. 35. Smithers has now complied, complaining at great length about defense counsel, his sentence, and the circumstances surrounding his plea agreement. *See* doc. 37. As for the timeliness of the motion, he asserts that because of his pro se status it has taken him some length of time, "[t]hrough diligent research and assistance through conversations with others . . . to look for the errors and/or how to properly proceed to present the matter on his own before this Honorable Court." *Id.* at 5. He also asserts that "[n]one of this evidence nor materials were available or known to [him] until now" and that his motion is timely because the Supreme Court's ruling in *United States v. Haymond*, ___ U.S. ___, 139 S.Ct. 2369 (2019) was unavailable to him until recently. *Id.*

The limitations period governing § 2255 motions is not jurisdictional and is subject to equitable tolling. *Parra-Martinez v. United States*, 2015 WL 9244611, at *3 (W.D. Tex. Dec. 16, 2015) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Equitable tolling is

only appropriate, however, in "rare and exceptional circumstances" and "is not intended for those who sleep on their rights." *Id.* (quoting *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). Smithers's pro se status, including his lack of legal training, ignorance of the law, and unfamiliarity with legal process, is not enough to toll the statute of limitations for his motion. *United States v. Petty*, 530 F.3d 361, 365–66 (5th Cir. 2008). His pro se status also does not excuse him from any other applicable procedural rules. *Id.*

As for the allegations of "newly discovered evidence" and case law, Smithers fails to show what portion of the record was withheld from him and could not, in the exercise of due diligence, have been discovered earlier. His citation to *Haymond* is also unavailing. That case concerned fact-finding and evidentiary standards under a statute governing revocation of supervised release. It bears no connection to any of Smithers's claims. Accordingly, Smithers's motion is time-barred and must be denied.

**THUS DONE** in Chambers on this ___16___ day of ___August___, 2019.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE